# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRITTNEY R. HIETPAS and
MICHAEL T. WINIUS,

                **Plaintiffs,**

          v.                           Case No. 17-CV-1455

LISA BUHS,
K. PAWLAK,
K. KAESERMAN, and
C. STEINICH,

                **Defendants.**

## ORDER

Plaintiffs Michael T. Winius, who is incarcerated at Racine Correctional Institution, and his daughter, Brittney R. Hietpas, filed a complaint under 42 U.S.C. § 1983, alleging that their constitutional rights were violated. The Prison Litigation Reform Act (PLRA) applies to this case because Winius was incarcerated when he and his daughter filed the complaint. This order resolves Hietpas's motion for leave to proceed without prepayment of the filing fee and screens the complaint.

*Motion for Leave to Proceed without Prepayment of the Filing Fee*

On October 24, 2017, Hietpas filed a motion for leave to proceed without prepayment of the filing fee. On November 6, 2017, Winius paid the $400 filing fee. When multiple non-prisoner plaintiffs jointly file a complaint, they need only pay one filing fee per case; however, when multiple prisoner plaintiffs jointly file a complaint, each prisoner plaintiff must pay the full filing fee. *See Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). Given that Winius, who is incarcerated, paid the full filing fee, the Court finds that Hietpas, who is *not* incarcerated, may join as a plaintiff without paying an additional filing fee. As such, the court will deny her motion as moot.

*Screening of the Complaint*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the

Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*The Complaint's Allegations*

Plaintiffs allege that, while incarcerated at Racine Correctional Institution, Winius was admitted to a program called Beacon. Beacon is a two-year residential sex offender program for convicted sex offenders. Plaintiffs allege that upon entry to the program Winius signed various entrance forms, one of which required him to stop all contact with Hietpas until she turned eighteen years old. Hietpas, who had been on Winius's visitor list since June 21, 1999, was taken off of his visitor list on May 29, 2015. Hietpas was seventeen years old and had been on Winius's visitor list for nearly sixteen years.

Winius asserts that defendants Dr. Lisa Buhs, K. Pawlak, and C. Steinich assured him that Hietpas would be placed back on his visitor list once she turned eighteen on November 26, 2015. It is not entirely clear from the complaint, but it appears that, while

Hietpas was not immediately placed on Winius's visitor list when she turned eighteen, Winius was permitted to communicate with her via letters and telephone calls.

On January 27, 2016, plaintiffs explain that they were talking on the telephone. Plaintiffs were on speaker phone and other adults were on the call. Plaintiffs allege that the call participants began joking about prison sexuality as depicted in the movies. Winius allegedly joked about masturbating and the size of his penis.

A couple of days later, at a regularly scheduled appointment, Winius talked to Dr. Buhs about the telephone conversation and asked for advice on how to deal with similar situations should they arise again. About a week later, plaintiffs allege that Dr. Buhs, Pawlak, Kaeserman, and Steinich issued Winius a Beacon Program Written Warning. The warning summarized the call and stated that Winius had minimized his behavior in the situation. As a sanction Winius was ordered to have no contact with Hietpas for at least six months.

Plaintiffs allege that Winius did not violate any rule or administrative policy, he did not receive a conduct report, and no hearing was held prior to the sanction being administered. Winius alleges that he disputed that a warning was necessary and he repeatedly asked that he be allowed to contact Hietpas. According to plaintiffs, defendants threatened Winius that he would be expelled from the program and his daughter would not be placed back on his visitor list.

The no-contact order took effect on February 5, 2016. Hietpas was placed back on Winius's visitor list on August 16, 2016. In the interim, Winius was permitted to send one card to Hietpas when she graduated from high school.

Winius filed an inmate complaint on September 15, 2016. The complaint was rejected as untimely on September 20, 2016. The inmate complaint examiner explained that Winius filed his inmate complaint more than fourteen days after August 16, 2016, when the sanction ended and Hietpas was placed back on Winius's visitor list. The complaint examiner stated that, by waiting so long to file the inmate complaint, Winius had deprived the institution of the opportunity to remedy any wrongdoing. Plaintiff contends that he had good cause for the delay: he feared, based on prior experiences, that defendants would retaliate against him if he filed a formal complaint.

*The Court's Analysis*

Fathers and daughters have an important interest in maintaining a relationship with one another. However, "denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence." *Stojanovic v. Humphreys*, 309 Fed.Appx. 48, 50-51 (7th Cir. 2009). "When balancing the interest in maintaining family relations with the reduction in liberty required by confinement, the Constitution allows prison officials to impose reasonable restrictions upon visitation, even visitation with family members." *Id.* at 51.

Plaintiffs allege that defendants prohibited *all* contact between them for six months because of off-color joking during a group telephone call. At this stage, this is sufficient for them to proceed on a claim that defendants unreasonably denied them contact in violation of the Constitution. In addition, the court will allow Winius to proceed on a claim that the sanction violated the Due Process Clause because he may have a liberty interest in maintaining a familial relationship and because he allegedly received none of the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974).

Finally, the court will allow plaintiffs to proceed on state law negligence claims and an intentional infliction of emotional distress claim. *See Lopez v. City of Chicago*, 464 F.3d 711, 720 (7th Cir. 2006) (to state a claim for the intentional infliction of emotion distress a plaintiff must allege "(1) that the defendants' conduct was extreme and outrageous; (2) that they intended their conduct to inflict severe emotional distress or knew there was at least a high probability their conduct would inflict such distress; and (3) that their conduct did in fact cause him severe emotional distress.").

The court acknowledges that Winius filed an untimely inmate complaint and did not strictly comply with the Department of Corrections' rules for exhausting administrative remedies. However, Winius explains that his delay should be excused because he was afraid defendants would retaliate against him if he filed a formal inmate complaint. The court finds that Winius has sufficiently alleged that administrative

remedies were unavailable to him. Further development of the record is necessary before the court can decide whether Winius's claim of unavailability has merit. *See Kincaid v. Sangamon County*, 435 Fed.Appx. 533, 536-37 (7th Cir. 2011).

**ORDER**

**IT IS THEREFORE ORDERED** that Hietpas's motion for leave to proceed without prepayment of the filing fee (ECF No. 4) is **DENIED as moot**.

**IT IS ALSO ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiffs' complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on defendants Buhs, Pawlak, Kaeserman, and Steinich.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants Buhs, Pawlak, Kaeserman, and Steinich shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS ALSO ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse

517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, plaintiffs need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. Plaintiffs should also retain a personal copy of each document filed with the court.

Plaintiffs are advised that failure to make a timely submission will result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 30th day of November, 2017.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge