UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRITTNEY R. HIETPAS and
MICHAEL T. WINIUS,

        Plaintiffs,

    v.                                      Case No. 17-C-1455

LISA BUHS,
KRISTEN PAWLAK,
KATHLEEN KAESERMAN, and
CYNDI STEINICH,

        Defendants.

**DECISION AND ORDER DENYING MOTION
FOR PARTIAL SUMMARY JUDGMENT**

On October 24, 2017, Plaintiffs Brittney Hietpas and Michael Winius filed this complaint pursuant to 42 U.S.C. § 1983, alleging Defendants violated their constitutional rights by preventing Winius from contacting Hietpas, his adult daughter, for six months without due process. On March 27, 2018, Defendants moved for partial summary judgment. Defendants allege that Winius failed to exhaust his administrative remedies and, consequently, cannot pursue federal remedies. Winius alleges his administrative remedies were not available to him. Because there is a dispute of material fact as to whether Winius' administrative remedies were available to him, the motion for summary judgment is denied and the matter will be put on for a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

**BACKGROUND**

Plaintiff Michael Winius is currently incarcerated at Prairie du Chien Correctional Institution. Defs.' Proposed Findings of Fact (DPFOF), ECF No. 24, at ¶ 1. Plaintiff Brittney

Hietpas is the adult daughter of Winius and is not incarcerated. *Id*. at ¶ 3; Pls.' Proposed Findings of Fact (PPFOF), ECF No. 31, at ¶ 2. This dispute arises from a six-month period, between February 2016 and August 2016, where Winius and Hietpas were not allowed to have contact with each other. DPFOF at ¶ 4. During that time, Winius was incarcerated at Racine Correctional Institution (RCI). *Id*. at ¶ 2. Defendants Buhs, Pawlak, Kaeserman, and Steinich were all employees of RCI during the relevant time period. *Id*.

Although neither party proposed facts surrounding the underlying events that resulted in this lawsuit, the Court finds them relevant and helpful to fully understand the dispute. Moreover, because Winius and Hietpas are *pro se*, the Court is cognizant that they may not have been aware that they needed to propose the additional facts, despite discussing them in their response. This is evident when looking at Plaintiffs' proposed facts, which mirror the limited facts that Defendants' proposed. However, Plaintiffs did properly submit additional evidence, including an affidavit and exhibits, to support their claim. Therefore, pursuant Federal Rule of Civil Procedure 56(c)(3), the Court will briefly describe the underlying dispute based on the material in the record.

During his incarceration, Winius applied for entry into RCI's Beacon SO4 program, a sex-offender treatment program. Winius Aff., ECF No. 30 at 1. Around September 25, 2013, Winius was denied entrance into the Beacon SO4 program because more inmates were interviewed for the program than there were slots available. *Id*. at 1, 21. On December 13, 2013, Winius met with Buhs, his psychologist, to discuss why he was not selected for the Beacon SO4 program. *Id*. at 1. He claims that Buhs stated he was not enrolled in the program was because he was "too litigious," *id.*, and Buhs' Psychological Services Clinical Contact form states that she "praised him for looking for more information, and suggested part of the reason he was not selected for the group was his

2

tendency to focus on legal writing." *Id*. at 30. Indeed, Winius had frequently filed inmate grievances with WCI but stopped filing them after August 9, 2013. *Id*. at 26.

On May 28, 2015, Winius began the Beacon SO4 program. ECF No.1-14. On February 5, 2016, Winius received a written warning from Beacon program staff for engaging in behaviors that interfered with his progress in treatment. ECF No. 1-16. In particular, on January 27, 2016, Winius engaged in an inappropriate telephone conversation with Hietpas during which Winius made jokes about his penis and masturbation. *Id*. As a sanction, Winius was expected to "[h]ave no contact with [his] daughter for at least six months." *Id*.

On September 15, 2016, Winius filed an inmate grievance complaining about the six-month no-contact sanction and that Hietpas had been improperly removed from his visitor's log. ECF No. 1-2. Even though the grievance was filed months after the no-contact order was imposed, Winius asked the institution complaint examiner to accept his complaint as timely for good cause because he "continue[s] to fear retaliation by getting kicked out of/removed from the program as a result of this complaint. This is what prevented [him] from filing in the first place immediately." *Id*. He also noted that his anxiety and post-traumatic stress disorder amplified his fears. *Id*. On September 16, 2016, the examiner rejected Winius' inmate complaint as untimely and found that no good cause existed. ECF No. 1-4. Winius appealed the denial. ECF No. 1-5. In his appeal, he alleged he had good cause for the late filing because "[i]t is well known that if/when a SO4/Beacon member files a complaint regarding program, program decision, and/or the facilitators, he is 'kicked out' within a matter of weeks and is harassed by the facilitators by accusations" and that he had "a legitimate fear of being arbitrarily removed (e.g. 'kicked out') of [the Beacon program] and [his] sentence being Pre-Truth-In-Sentencing and subject to Presumptive Mandatory Release (PMR), a non-

3

completion could result in [his] continued incarceration until 2028 (Maximum Discharge Date)." *Id*. On October 14, 2016, the warden affirmed the dismissal of Winius' complaint as untimely. ECF No. 1-7.

On October 24, 2017, Plaintiffs filed this lawsuit against Defendants pursuant to 42 U.S.C. § 1983, alleging that Defendants denied Plaintiffs contact with each other for six months without due process, in violation of Plaintiffs' constitutional rights. ECF No. 1. On March 27, 2018, Defendants moved for summary judgment as to Winius' claims, alleging that Winius had failed to exhaust his administrative remedies. ECF No. 22. The matter is fully briefed and ripe for decision.

## LEGAL STANDARD

Summary judgment is proper if the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must construe the evidence in the light most favorable to the non-moving party. *Ramos v. City of Chicago*, 716 F.3d 1013, 1014 (7th Cir. 2013).

## ANALYSIS

Defendants assert that Winius is procedurally barred from pursuing his federal suit because he failed to exhaust his administrative remedies within the Wisconsin prison system. The PLRA provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that a prisoner comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The Seventh

4

Circuit applies a "strict compliance approach to exhaustion," and expects prisoners to adhere to "the specific procedures and deadlines established by the prison's policy." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted).

Wisconsin has implemented the Inmate Complaint Review System (ICRS) under which inmate grievances concerning prison conditions or the actions of prison officials are "expeditiously raised, investigated and decided." Wis. Admin. Code § DOC 310.01. The ICRS implements a series of steps an inmate must take in order to properly file and appeal a grievance. The failure to properly exhaust each step of the grievance process constitutes failure to exhaust available administrative remedies. *Pozo*, 286 F.3d at 1025. Under the ICRS, an inmate must file a complaint with the institutional complaint examiner (ICE) within fourteen calendar days after the occurrence giving rise to the complaint, unless good cause exists to excuse a delay. Wis. Admin. Code § DOC 310.09(6).

Winius concedes that his inmate complaint was not filed within fourteen days, but alleges he had good cause for his untimeliness: his fear of retaliation and being removed from the Beacon SO4 program. Although the PLRA requires exhaustion, an inmate is only required to exhaust the administrative remedies that are "available" to him. 42 U.S.C. § 1997e(a). The remedy must be "available" not only in form, but in fact. *Schultz v. Pugh*, 728 F.3d 619, 620 (7th Cir. 2013). "A remedy is not available, therefore, to a prisoner prevented by threats or other intimidation by prison personnel from seeking an administrative remedy by filing a grievance in the prescribed form and within the prescribed deadline." *Id*. (citations omitted).

Winius alleges that his fear of retaliation made the grievance system "unavailable" to him. In *Schultz*, the Seventh Circuit addressed the objective and subjective components of the test for determining whether fear or intimidation made a grievance system unavailable:

> The "objective" standard, which predominates in the case law, requires the plaintiff to show that a person of "ordinary firmness" would have been deterred from filing a grievance. The "subjective" standard requires the plaintiff to show that he was in fact deterred. Cases that embrace the subjective standard add it to the objective one rather than substituting it, with the result that the plaintiff must show both that a person of ordinary firmness would be deterred and that he himself was deterred. The additional test catches the person of more than ordinary firmness who, not having in fact been deterred, has no excuse for failing to exhaust his administrative remedies; he was not a victim of intimidation, but only of an attempt at intimidation that failed.

*Id*. at 621.

Winius alleges that the prison system was unavailable to him because he feared retaliation for filing grievances and partaking in litigation. In particular, Winius alleges that he feared being removed from the Beacon SO4 program for filing a complaint and he feared that Hietpas would not be added back to his visitor's list. Winius argues that he believed he was not originally accepted into the Beacon SO4 program because he filed too many grievances and feared that filing a grievance about the sanction would result in his removal of the program. Defendants argue that Winius' fear is unfounded and pure speculation and the fact that he was not originally accepted into the program in 2013 is too far removed to have made the grievance system "unavailable" in 2016.

At this point, the record is insufficient to determine whether Winius' fear of retaliation both objectively and subjectively prevented the grievance system from being available to him. Both Winius' inmate complaint and his appeal of that complaint express a deep fear of retaliation, *see* ECF Nos. 1-2; 1-5, and support Winius' contention that he was subjectively deterred. The Court

notes, however, that despite Winius' claims that he feared being removed from the Beacon SO4 program for filing grievances, he did not wait until he had completed the program (which would have been around June 2017) to file his grievance, which was filed in September 2016. This supports Defendants' argument that the grievance system was not unavailable.

Failure to exhaust administrative remedies is an affirmative defense for which Defendants have the burden of proof. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). As a result, Defendants must "establish affirmatively that the evidence is so one-sided that no reasonable fact finder could find that plaintiff was prevented from exhausting his administrative remedies." *Santiago v. Anderson*, 496 F. App'x 630, 636 (7th Cir. 2012). Viewing the record in the light most favorable to Winius, a reasonable fact finder could find that he was prevented from exhausting his administrative remedies. Defendants' motion for summary judgment will therefore be denied and the case will be set for a *Pavey* hearing.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (ECF No. 22) is **DENIED**. The Court will schedule a *Pavey* hearing on the matter. The Clerk is directed to set the matter on the Court's calendar for a telephone conference to schedule the required hearing.

**SO ORDERED** this   28th   day of December, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court